GEORGENE WATERS

v.

RICHARD BEW and SOPHIA BEW, his wife.

1. Under an agreement for the sale of lands the purchaser is entitled to a ·deed describing the land in the words of the agreement, without any limitations other than those therein agreed upon.

2. Where a contract to convey is part of an agreement to lease the premises for a term of years, specific performance will not be refused on the ground that the contract is unilateral.

3. Specific performance of an agreement to convey lands, reserving to the ·grantor a right of way, will not be refused because the location of such way is uncertain, the grantor having the right to designate it in the deed.

On bill and answer.

*Mr. Allen B. Endicott* and *Mr. Samuel H. Grey*, for the complainant.

*Mr. David J. Pancoast*, for the defendants.

GREEN, V. C.

Richard Bew was the owner in fee of a tract of land on the easterly side of Illinois avenue, Atlantic City, lying between what is known as the Windsor Hotel tract and the ocean, the title to which he derived by deed from Mary Disston, executrix of Henry Disston, dated September 18th, 1880, and of the land under water in front of said upland· and in front of the easterly half of said Illinois avenue, the title to which was derived by two several grants from the State of New Jersey, the one dated May 6th, 1882, and the other dated June 23d, 1883.

Richard Bew and Sophia, his wife, by an agreement with Georgene Waters, dated at the beginning thereof, May 21st, 1880, and in the attestation clause, May 31st, 1888, in consideration of the yearly rent therein reserved, and the agreements

and covenants therein contained, leased unto the said Georgene Waters

"all that lot of land situate in Atlantic City, in the county and state aforesaid, on the easterly side of Illinois avenue, southerly from Pacific avenue, and extending from the ocean side of the Windsor lot or line, formerly called the Berkeley property, southwardly to the ordinary high-water mark of the Atlantic ocean and eastwardly from Illinois avenue, between the southerly line of the Windsor lot and said ordinary high-water line of the said ocean, a distance of seventy feet,"

with conditions as to the use of the said property. The lease was to begin on May 21st, 1888, and to expire on the 21st of May, 1893, at an annual rent of $300.

The said agreement contained these further covenants, viz., that upon the payment by the said complainant to the said defendants,

"at any time during said term of five years, of the sum of $15,000, they, the parties of the first part, will grant, bargain and convey to the said Georgene Waters, her heirs and assigns, the land above mentioned and described, with covenants of general warrantee, upon the condition, however, that there be reserved to the parties of the first part a right of way across said land, ten feet in width, beginning at a point in Illinois avenue at least thirty feet south of the southerly line of the Windsor lot and extending eastwardly across said lot;"

and upon the further condition "that no buildings shall be erected soutwardly of said line, thirty feet south of the Windsor lot as aforesaid."

The complainant entered upon the possession of the property and occupied it continuously, paying therefor the rent reserved.

Before the expiration of the lease, she demanded a deed and offered to pay the purchase-money. She procured a deed of the property to be drawn by counsel, from the defendants to herself, conveying the land by the following description :

"Beginning at a point in the east line of Illinois avenue, 975 feet south of Pacific avenue, and running (1) southerly, in the easterly line of *Pacific* avenue, to ordinary high-water mark of the Atlantic ocean; (2) easterly along the ordinary high-water mark of said ocean, 70 feet; (3) northerly, parallel with Illinois avenue, to a point 975 feet south of Pacific avenue; (4) westerly,

Waters v. Bew.

parallel with Pacific avenue, 70 feet, to beginning. Excepting and reserving to the grantor and his heirs and assigns a right of way ten feet in width across the lands hereby conveyed, beginning at a point in the easterly line of Illinois avenue, 30 feet south of the southerly line of the Windsor hotel lot, and extending eastwardly, in a line parallel with the line of the Windsor lot, across the lot hereby conveyed. And this conveyance is made upon the condition that no buildings shall be erected southwardly of the said land, 30 feet south of the Windsor Hotel lot as aforesaid."

This deed the defendants refused to execute, but on their part they did prepare, execute and tender a deed describing the property as follows:

"All that lot of land situate in Atlantic City, in the county and state aforesaid, on the easterly side of Illinois avenue, southerly from Pacific avenue, and extending from the ocean side of the Windsor lot or line, and formerly alled the Berkeley property, southwardly to the ordinary high-water mark of the Atlantic ocean, and eastwardly from Illinois avenue, between the southerly line of the Windsor lot and said ordinary high-water line of the said ocean, a distance of 70 feet. Excepting and reserving to the grantors, their heirs and assigns, a right of way across said land ten feet in width, beginning at a point in Illinois avenue at least 30 feet south of the southerly line of the Windsor lot, and extending eastwardly across said lot. And this conveyance is made upon condition that no buildings shall be erected southwardly of the said line, 30 feet south of the Windsor lot as aforesaid. And this conveyance is not intended to convey any part of or interest in the land under water southward of and adjoining the high-water line herein referred to, which the grantor, Richard Bew, acquired from the State of New Jersey by two several deeds" &c.

This the complainant refused to receive, and has brought this suit for a specific performance of the contract, under the following prayer:

"That the said Richard Bew and Sophia Bew may be compelled, by this Honorable Court's decree, specifically to perform the said agreement with your oratrix, and after being paid the purchase-money, to execute to your oratrix a proper conveyance of said tract of land; your oratrix hereby offers to pay said purchase-money at any time,"

and for other relief.

In equity, upon an agreement for the sale of lands, the contract is regarded, for most purposes, as if specifically executed. The purchaser becomes the equitable owner of the lands, and

the vendor of the purchase-money. After the contract, the vendor is the trustee of the legal estate for the vendee. *Haughwout and Pomeroy* v. *Murphy, 7 C. E. Gr. 531* (at *p. 546*).

Applying this principle, the complainant, on exercising the option, became the equitable owner of the land, and the defendant Richard Bew the equitable owner of the purchase-money.

The suit for specific performance is for the purpose of giving such equitable owner the legal title.

In accomplishing this end, such equitable owner is entitled to a deed of the land agreed to be conveyed, and if any dispute should arise as to the description, in the words of the agreement.

The deed prepared by the complainant not only misnamed Illinois avenue, but did not describe the lands in the words of the agreement, and also located the right of way. The deed tendered by the defendant did describe the property as in the agreement, but annexed thereto a limitation of the conveyance not therein contained, and the dispute between the parties is really as to this limitation.

I am of opinion that the complainant is entitled to a deed in the words of the agreement, running to high-water mark, without any clauses of limitation other than those agreed on.

If a party should make a contract for the purchase of a lot of land bounded on a highway, he would undoubtedly be entitled to a deed conforming to that description without limitation or addition not contained in his agreement.

Whether, in this case, such a description would or would not entitle the grantee to any rights to lands under water, is a question which it is not the province of this court, in a suit of this character, authoritatively to determine, the simple question being as to the deed which the complainant is entitled to receive. I do not think that the complainant has forfeited her right to specific performance by the preparation of the deed which she requested the defendants to execute, or her refusal to accept the deed tendered.

It is objected that this contract will not be decreed to be specifically performed because it is unilateral. This agreement to convey is part of an agreement to lease the premises for a

term of years.  Under that lease, and that part of the agreement, the complainant has paid the defendants the yearly rent reserved, and within the time limited elected to exercise her option of purchase.  The rule as to the non-enforcement of contracts where there was no mutuality of covenants and remedy, is not without exception ; and it is held in *Hawralty* v. *Warren, 3 C. E. Gr. 124,* that an optional agreement to convey or renew a lease, without any covenant or obligation to purchase or accept, or without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it.  See, also, *Pom. Spec. Perf.* § *169 n. 1,* and cases cited ; also, *Hall* v. *Center, 40 Cal. 63 ; Maughlin* v. *Perry, 35 Md. 352.*

It is further objected that this agreement will not be specifically enforced, because it is indefinite with reference to the location of the right of way to be reserved to the grantors.  *Taylor* v. *Gilbertson, 2 Drewry 391,* cited by defendants' counsel, was to enforce a contract for the conveyance and purchase of certain lands.  The vendee refused to perform, on the ground that the title was clouded by a provision in some former conveyance or agreement by which a driveway was to be made, but the vice-chancellor held that this was not a valid excuse, as it was doubtful where it was intended that this driveway was to be located, or who was to make it, and that there was no one who could take advantage of the covenant, and therefore held that the vendee took no risk by accepting the conveyance.

I see no difficulty in this case.  The vendor is to have a right of way from Illinois avenue across the lot.  No houses are to be built upon this tract.  The only provision of the agreement, with reference to its location, was that it was to begin at a point in Illinois avenue, at least thirty feet south of the southerly line of the Windsor lot.

The right of way is one to be reserved by the grantors.  They have the right to locate it.  The only restriction in the agreement as to its location is that it shall not be within a certain distance of the Windsor lot.  The grantors should exercise their

right of designation and they must do it once for all. Being a reservation contained in the agreement, and the right of location resting with the grantors, there can be no objection to the designation being contained in the deed, which procedure is sanctioned by the complainant, by incorporating it in the deed prepared by her counsel.

In my opinion, the complainant is entitled to a decree for specific performance, to receive a deed from the defendants, for the property as described in the agreement, with the conditions and limitations therein expressed, and without any others, and will advise a decree to that effect.