No. 2,193.

WILLIAM HALL, APPELLANT, *v.* JOHN CENTER *et al*, RESPONDENTS.

CONTRACT—SPECIFIC PERFORMANCE.—Equity will decree specific performance of a covenant in a lease, which provides that the lessee shall have the privilege of purchasing the premises for a fixed sum of money, on or before the expiration of the term.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The facts are stated in the opinion.

*Winans & Belknap,* for Appellant.

The doctrine of mutuality does not apply to this case. The case of *De Rutte* v. *Muldrow,* (16 Cal. 505–12–13,) is conclusive of the present, not only on the point of mutuality, but upon every other question that could be raised, and sustains the plaintiff's claim to have specific performance decreed of the covenant sued on, and of the obligations of the lease, and, in addition to the facts there existing, fur-

nishes an equitable claim for relief of the strongest kind, in the expenditure by appellant of $8,500, for the improvement of the land in controversy, on the faith of said covenant, and the expectancy of a deed thereunder, and his right to claim the same.

The general rule requiring mutuality would not be applicable to this case, under its exceptions, if no mutuality existed; but here the very facts themselves, and the law by which they are expounded, both unite to establish a perfect case of mutuality.

If the general rule requiring mutuality were operative, it would not be applicable to such a state of facts as here exists. (Matter of Jane Hunter, 1 Edw. Ch. (N. Y.) 1; *Williston* v. *Williston,* 41 Barb. 635; *Packhurst* v. *Van Cortland,* 14 Johns. 15; *Watts* v. *Waddle,* 6 Peters, 392.)

The case of *Boucher* v. *Van Buskirk,* (2 A. K. Marsh, 346,) which, in its general features, resembles the present case, is *prima facie* a seeming authority against plaintiff, but on inspection will be found to sustain the theory of plaintiff's case. But there is a two-fold difference between that case and this.

*First*—There the lessee did not pay any rent, as a consideration and mutuality for the contract to convey. Whereas, here the lease was for a stipulated rent which was duly paid by the lessee, and the right or license to purchase was the inducement to his taking the lease and paying the said rent.

*Second*—In *Boucher* v. *Van Buskirk* there were no improvements shown to have been put by the lessees upon the premises, while the Court expressly intimates, at the close of its opinion, that if there had been valuable improvements made a specific performance would have been decreed.

Upon this question of mutuality see: (*Clason* v. *Bailey,* 14 Johns. 484; *Old Colony R. R. Co.* v. *Evans,* 6 Gray, 25–31; *Plunkett* v. *Methodist Eps. Soc.* 3 Cush. 65; *Western R. R. Co.* v. *Babcock,* 6 Metc. 346–53–54; *Hooker* v. *Pynchon,* 8 Gray, 550; *Dooley* v. *Watson,* 1 Id. 414; *Parker* v. *Perkins,* 8 Cush. 318; *Murphy* v. *Marland,* Id. 375; *Getchell* v. *Jerrett,* 4 Greenl. 350–66–7; *Rogers* v. *Saunders,* 16 Maine, 92–7–101;

*Peck* v. *Baldwin*, 1 Root, ( Conn.) 455; *City of Providence* v. *St John's Lodge*, 2 R. I. 46–59; *Ives* v. *Hazard*, 4 Id. 25–7; *Telfair* v. *Telfair*, 2 Desaussure Ch. 271; *White* v. *Schuyler*, 1 Abb. Pr. ( N. Y. ) 301; *McCrea* v. *Purmort*, 16 Wend. 450; *Woodward* v. *Aspinwall*, 3 Sandf. 292;)

*Wilson* & *Crittenden*, and *Jarboe* & *Harrison*, for Respondents.

We claim that the contract ought not to be enforced for want of mutuality. The general rule on the subject is perfectly well settled, and unless this rule is to be entirely discarded, it is plain that the case is not a proper one for equitable relief. (Fry on Specific Performance, p. 198; *Lawrenson* v. *Butler*, 1 Scho. & Lef. 13; *Bromley* v. *Jeffries*, 2 Vern. 415; *Armiger* v. *Clark*, Bunb. 111; *Flight* v. *Bolland*, 4 Russ, 298; *Withy* v. *Cottle*, 1 Sim. & Stn. 174; *Adderly* v. *Dixon*, Id. 608; *Tyson* v. *Watts*, 1 Maryl. Ch. Dec. 13; *Duvall* v. *Myers*, 2 Id. 401; *Geiger* v. *Green*, 4 Gill. 472; *Parkhurst* v. *Van Cortland*, 1 John. Ch 263, *German* v. *Machin*, 6 Paige, 283; *Woodward* v. *Harris*, 2 Barb. 439; *Phillips* v. *Berger*, 8 Id. 527; *Cabeen* v. *Gordon*, 1 Hill. Ch. 39; *Moore* v. *Fitz Randolph*, 6 Leigh, 175; *Bordine* v. *Glading*, 21 Penn. St. 50; *Hawley* v. *Sheldon*, Harring. Ch. 420; *Bronson* v. *Cahill*, 4 McLean, 19; *Boucher* v. *Van Buskirk*, v. 2 A. K. Marsh, 346; *Cooper* v. *Pena*, 21 Cal. 403. )

In the last case the opinion discusses the question at some length, and cites with marked approval the Maryland cases on the subject. Thus approved, these cases must be received by the Court as expressing its own views; and they are undoubtedly in accordance with the authorities generally.

If the contract here is a proper one to be specifically enforced, it is difficult to imagine a case in which the want of mutuality could be set up as a defence. The contract is for a mere privilege without any corresponding obligation; a privilege to be exercised or not, at the pleasure of the appellant. By the terms of the contract, he could take the

property or refuse it; and it is natural to suppose that his election would depend on the value of the property as compared with the contract price. If the property advanced, he would take it, and secure for himself the benefit of the advance; but if it declined he would refuse it, and avoid the loss resulting from the decline. In either event, the parties with whom he contracted would be the only sufferers; and we submit that a contract so unequal in its operation, cannot be considered either fair or just. It gives an advantage for which nothing is returned, and it may safely be assumed that any effort to enforce it would have as its motive the profitable results of this advantage.

In such a case, the want of mutuality is a want of fairness and justice.

WALLACE, J., delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and RHODES, C. J., concurring :

Center and Spreckles were owners of certain premises and leased them to Hall for a term at a stipulated rent. During the running of the lease, Spreckles conveyed his undivided half of the reversionary estate to the defendant Crim.

The lease was signed by the lessors and lessee, and contained a clause to the effect that Hall should have the privilege of purchasing the premises at $1,750 on or before the expiration of the term.

Hall entered into possession under the lease, and performed all its conditions on his part, and during the term "made valuable improvements thereon, to wit: of the value of $8,500." Before the term expired he endeavored to avail himself of the privilege of purchasing the premises reserved to him in the lease, and with this view he made a tender of the purchase price in due time and form, and demanded a conveyance.

The defendants refused to receive the purchase money, and having declined to convey, Hall brought this action to obtain a decree to compel them to do so.

To his complaint, setting forth the foregoing facts in sub-

stance, a general demurrer was filed by the defendants, which was sustained by the Court below, and the action dismissed, upon the ground, as it is understood, that the plaintiff's claim to be admitted to purchase was a mere privilege; that he had not bound himself to make the purchase, and, of course, could not have been compelled by the Court to do so; that there was, therefore, no mutuality in the agreement, and hence it could not be the subject of a decree for specific performance in a Court of equity.

I do not think it necessary to enter upon a critical examination of the applicability to the facts of this case of the rule (which a review of the authorities would show to be far from general,) in Courts of equity, that a contract, in order to be the proper subject of a decree for specific performance should be mutual in its character, and such as might have been specifically enforced by either party against the other. The rule is one which is frequently adverted to, is well understood, and the reasons upon which it is rested are familiar. But the exceptions to its operation are numerous. Lord Redesdale, in *Lawrenson* v. *Butler*, (1 Scho. & Lef. 13,) limits its application to a case "where nothing has been done in pursuance of the agreement," by which it is to be understood that though an agreement may, at the time it was entered into, lack the element of mutuality, and for that reason may not be then such an agreement as equity would enforce, yet if the party seeking relief has subsequently, with the knowledge and the express or tacit consent of the other, placed himself in such a position that it would be a fraud for that other to refuse to perform, equity will relieve.

In the case at bar, the contract of the lessors, by which they covenanted that the lessee should have the option to purchase or not at his election, was founded upon an adequate consideration, was certain in its terms, was fair and just in all its parts, and was not a hard or unconscionable bargain. Why should not such an agreement be enforced ? The reason assigned by Lord Redesdale (and he was distinguished for the strenuousness with which he maintained the

necessity of mutuality,) in the case already mentioned, is that the lessors here might be in this situation, that if the land should rise in value they would be compelled by a decree to sell at a stipulated price, while if it had decreased in value the lessee could not be compelled to take it at any price.

But it is not easy to see why this would not be equitable. May not the mere option to purchase be sold? Or (to adopt the language of Judge Baldwin, in *De Rutte* v. *Muldrow*, (16 Cal. 513,) may not a man "as well agree to sell property upon the condition that another will consent to buy, as upon any other condition, or absolutely?" And if the owner of an estate, has fairly made a contract for a sufficient consideration received by him, by which contract he has himself stipulated that another person may, at the option of the latter, receive a conveyance of the estate upon the payment or tender of a fixed sum within a given time, what principle of equity is violated by making the owner comply with his contract? If the other party has obtained the option, he has fairly bought and paid for it, and there is no principle or policy of law violated in its purchase.

In the case at bar, the privilege to purchase the fee was inserted in and made a part of an indenture of lease. Had there been a covenant to renew the term at the option of the lessee, it would not be doubted that equity would enforce the renewal by decree. (*Cooper* v. *Pena*, 21 Cal. 403.) How is it that the Court would thus compel the lessor to part with an estate for years at the mere option of his tenant, but would at the same time permit him to violate his agreement to part with the fee, if the tenant elect to purchase it?

In the case at bar it appears, too, that an estate which was to be purchased at $1,750, has been improved by the tenant to the amount of $8,500; he has expended upon it nearly four times the original purchase price of the property. This has been done in view of his option to secure to himself both land and improvements by paying the stipulated price.

I am unable to appreciate the principle of equity which

will, under the circumstances, deprive him of both land and improvements absolutely, or turn him round to such satisfaction as he may be able to recover at law for the admitted wrong done him upon the part of the defendants.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer to the complaint.

SPRAGUE, J., expressed no opinion.