[S. F. No. 2660.    Department One.—March 24, 1902.]

## T. Z. BLAKEMAN, Respondent, v. W. A. L. MILLER et al., Appellants.

LEASE—OPTION TO PURCHASE—ASSIGNMENT BY LESSEE—INHERITANCE FROM LESSOR—SPECIFIC PERFORMANCE.—An option to purchase leased premises given in a lease for twenty years, which binds the lessor, his heirs, executors, and administrators, to sell and convey the leased premises to the lessee, his heirs or assigns, at any time after the expiration of fifteen years, and within the term, upon payment of a certain sum, passes to the lessee's assigns of the instrument of lease, and may be specifically enforced by them against the heirs of the deceased lessor, who have become the distributees of his estate.

ID.—ASSIGNMENT OF WRITTEN INSTRUMENT—TRANSFER OF CONTRACT.— An assignment of the written instrument by which a contract is witnessed is the most common mode of transferring the contract, and cannot be understood as having any other intention; and an assignment of an instrument of lease, by which the term and the obligation to convey were both created, transfers both of them.

ID.—SUSPENSION OF POWER OF ALIENATION—POWER TO CONVEY INTEREST IN POSSESSION.—The lessor's agreement to sell after the lapse of fifteen years, and within the term, is not invalid, as being a suspension of the power of alienation within the provision of sections 715 and 716 of the Civil Code. Those sections, by their terms, have no application where there were lives in being by whom an absolute interest in possession may be conveyed.

ID.—REMOTENESS OF FUTURE ESTATE.—Such agreement is not void for remoteness, as creating a future estate which may not vest within the time prescribed by law. It is not within the rule against perpetuities; nor does it create a forbidden contingent remainder on a term of years, or a forbidden fee limited upon a fee.

ID.—LIMITATION OF SPECIFIC PERFORMANCE—LIFETIME OF PARTIES.—The specific performance of an option to convey real estate contained in a lease is not limited to the lifetime of the parties, under the statute law of this state; and such option will be enforced against the heirs of a deceased lessor, and in favor of the assigns of a deceased lessee, especially where the lease so expressly provides.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

Bishop & Wheeler, and Lloyd & Wood, for Appellants.

The option to purchase is void within the rule against perpetuities and suspension of alienation, because limited absolutely upon a term of years, and not to lives in being, and creating a void contingent remainder. (*London etc. Ry. Co.* v. *Gomm,* 20 Ch. Div. 562; *Winsor* v. *Mills,* 157 Mass. 362; Gray's Rule against Perpetuities, secs. 201-230; Chaplin on Suspension of Power of Alienation, secs. 14, 66-73; Civ. Code, secs. 715, 716, 772, 773, 776, 778.) The option vests an equitable estate, and the rule against perpetuities applies to all future equitable estates. (Gray's Rule against Perpetuities, sec. 323; *London etc. Ry. Co.* v. *Gomm,* 20 Ch. Div. 562, 580-582; *Kerr* v. *Day,* 14 Pa. St. 112;[1] *House* v. *Jackson,* 24 Or. 89.)

Boyd & Fifield, for Respondent.

The assignees of the lease had the right to sue upon the covenant. (*M. E. Church* v. *Seitz,* 74 Cal. 287; Civ. Code, secs. 822, 823, 3395.) The covenant giving the lessee the right to purchase runs with the land. (Gear's Landlord and

---

[1] 53 Am. Dec. 526.

Tenant, sec. 84, note 16, and cases cited; *Laffan* v. *Naglee*, 9 Cal. 662, 678;[1] *Robinson* v. *Perry*, 21 Ga. 183;[2] *Hagar* v. *Buck*, 44 Vt. 285;[3] *Maughlin* v. *Perry*, 35 Md. 352; *Napier* v. *Dorlington*, 70 Pa. St. 64; *Van Horne* v. *Crain*, 1 Paige, 455; *Jackson* v. *Groat*, 7 Cow. 285; *Willard* v. *Tayloe*, 8 Wall. 571; *Schroeder* v. *Gemeinder*, 10 Nev. 355; *Hall* v. *Center*, 40 Cal. 68; *Norman* v. *Wells*, 17 Wend. 136.) The owner of the term and of the option had a vested interest therein. Vested interests are not subject to the rule against perpetuities. (Gray on Perpetuities, sec. 99; Marsden on Perpetuities, p. 15; *Sioux City Terminal etc. Co.* v. *Trust Co. of North America*, 82 Fed. 132.) Contractual rights are not within the rule. (18 Am. & Eng. Ency. of Law, pp. 355-357; Chaplin on Restraints and Alienation, secs. 130, 137; Marsden on Perpetuities, p. 15; Gray on Perpetuities, secs. 329, 330.) Covenants and conditions that run with the land or that can be enjoined in equity are not within the rule against perpetuities, and are not objectionable for remoteness. (Marsden on Perpetuities, pp. 12, 13, 15, 16.) The doctrine of remoteness has no materiality in this state, except as it affects alienability. (*Estate of Cavarly*, 119 Cal. 406, 409-410; *In re Walkerly*, 108 Cal. 627, 647-650.[4])

SMITH, C.—The case is as follows: A deed of lease was executed by A. Th. Louis Miller to John Apel, leasing to the latter premises in the city of San Francisco, therein described, for the term of twenty years from the first day of August, 1894, for the aggregate rental of $62,400, payable in monthly installments of $260, and containing a covenant by which the party of the first part binds "himself, his heirs, executors, and administrators to sell and convey unto said party of the second part, his heirs or assigns, all the said property at any time after the expiration of fifteen years of this lease, and within the term created thereby, upon payment by said party of the second part, his heirs, etc. . . . of the sum of forty thousand dollars less all mortgages, etc. . . . made or suffered by said party of the first part."

Both parties to this instrument died before the expiration of the fifteen years therein named. The defendants are the

[1] 70 Am. Dec. 678.
[2] 68 Am. Dec. 455.
[3] 8 Am. Rep. 368.
[4] 49 Am. St. Rep. 97, and note.

heirs of the lessor, and distributees under the decree of distribution of his estate. The plaintiff claims under an assignment of the lease made September 6, 1894, by the lessee to the plaintiff's assignor. The suit was brought to enforce a specific performance of the covenant, and judgment went for the plaintiff, from which the defendants appeal. The only points urged by the appellants are, in effect,—1. That the assignment of the lease by Apel did not carry with it the option to purchase; 2. That the lessor's agreement to sell was void as being against the rule against perpetuities; and 3. That it is void for remoteness, as being a future interest that may not vest within the time prescribed by the law.

The first of these points may be disposed of by the observation that the assignment of Apel to Sproul purports to be not merely an assignment or conveyance of the term, but an assignment of the instrument or "indenture of lease," by which the term and the obligation to convey were both created. The assignment of the writings by which a contract is witnessed is the most common mode of transferring the contract, and cannot be understood as having any other intention. (*M. E. Church* v. *Seitz,* 74 Cal. 289.)

The second point may also be briefly disposed of by reference to the provisions of the Civil Code bearing on the subject. By sections 715 and 716 of the Civil Code the suspension of "the absolute power of alienation" for a longer period than prescribed is forbidden. But by the express terms of the latter section these provisions have no application to cases where there are "persons in being by whom an absolute interest in possession can be conveyed," which is the case here.

The last point is equally untenable. It rests, as we understand, upon the proposition that the lessee's interest in the land resulting from the vendor's agreement is to be regarded as a contingent remainder on a term of years,—and therefore forbidden by section 776 of the Civil Code,—or as a fee limited on a fee,—and therefore forbidden by section 773. But these and cognate sections of the Civil Code refer only to remainders in the technical sense, which have never been understood as including interests of the kind here in question. The technical rule against the creation of future estates applied only to legal estates, and even as to them is now abolished (Civ. Code, secs. 767, 773); nor has our attention

been called to any provision of the code, limiting the vesting of future estates to a fixed period other than the rule against perpetuities, given in sections 715 and 716 of the Civil Code, and that against "Accumulations," given in sections 723, 724.

Nor can rules established in England or elsewhere be regarded as obtaining under our law, which is to be regarded as establishing a new scheme or system on the subject. (Civ. Code, secs. 4, 5; 18 Am. & Eng. Ency. of Law, 370; Gray's Rule against Perpetuities, secs. 747, 752.) It is not sufficient, therefore, to argue that if an option to purchase may be given for twenty it may be given for five hundred years or any other period. It is enough to say there is no legal prohibition against it. Though it does not follow that equity will specifically enforce a contract objectionable on this score; or if cases should occur rendering it necessary (which is hardly probable), that it would not be within its power to establish a reasonable rule on the subject,—as was the mode in which the rules on the subject were originally established. (Gray's Rule against Perpetuities, pp. 79 et seq.)

The arguments of counsel on the last two points are interesting, but need not detain us. The case is identical in principle with that of *Hall* v. *Center*, 40 Cal. 63, which has been affirmed in numerous cases. (3 Notes on Cal. Rep., p. 190; *Thurber* v. *Meves*, 119 Cal. 37. In the principal case, indeed, the points now under consideration were not made, and therefore were not considered. But this probably arose from the fact that contracts of this character were then, as they still are, so common, not to say universal, that no one until now has thought of objecting to them; so that the case comes fairly within the maxim, *Communis error facit jus.* It would be too late, therefore, even were we so disposed, to overrule a decision based on and confirming the custom which has become a recognized canon of real-estate law in this state.

Nor is the case of *London etc. Ry. Co.* v. *Gomm*, 20 Ch. Div. 562, inconsistent with the rule thus established. In that case all that was held was, that an option to purchase at any time in the future beyond twenty-one years was void for remoteness. But in the case of *Hall* v. *Center*, 40 Cal. 63, the option was limited to the term, which, under the provisions of our law, could not exceed twenty years (the term in this case). (Hittell's General Laws, par. 4272; Civ. Code, sec. 718.) It

is unnecessary, therefore, to determine how far the English case cited is to be regarded as establishing the law in that country. Though it may be observed that one of the judges (McKay, J.,) was of the opinion "that the rule of perpetuities is a branch not of the law of contract but of property," and that it has no application to a contract to sell land where there is no interest given in the land by the contract, and in fact no interest acquired, except such as may be given by courts of equity, by way of constructive trust, in cases proper for. specific performance. The decision, it may also be observed, overruled two previous well-considered cases (*Birmingham Canal Co.* v. *Cartwright,* 11 Ch. Div. 421, and *Tulk* v. *Moxhay,* 2 Phill. Ch. 774) ; and as observed in a later case, the doctrine is "no doubt . . . entirely novel." (43 Ch. Div. 279.)

Nor can the suggestion of counsel be entertained that the decision in *Hall* v. *Center* be limited to cases where the option is exercised during the lifetime of the parties. This would be to establish an arbitrary rule, without any reason to support it, and would also be in conflict with the express language of the contract and the provisions of section 3395 of the Civil Code.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.