[L. A. No. 9281. Department Two.—June 11, 1928.]

J. C. COULTER, Appellant, v. THEODORE D. HENSEN et al., Defendants; THEODORE D. HENSEN, Respondent.

Louis N. Whealton and Will H. Winston for Appellant.

R. M. Sherwood for Respondent.

RICHARDS, J.—This action was one commenced by the plaintiff, purporting to act as the assignee of a number of labor claimants who are alleged to have performed work and labor upon certain real property owned by the defendant Hensen, which consisted in and contributed to

the construction, alteration and repair of an oil-well upon the defendant's property and for which the persons performing the same claimed they were entitled to laborers' liens thereon. The property in question had been leased by Hensen and his wife to a certain voluntary association known as Motion Picture Oil Syndicate No. 1, which had theretofore been authorized by the corporation commissioner of the state of California to transact business within this state, and which association, after procuring said lease, had entered into a contract with the Hogan Drilling Company, a corporation, to drill an oil-well thereon, in the course of which the Hogan Drilling Company are alleged to have employed the laborers, some sixteen in number, who assigned their labor claims to said plaintiff. The answer of the defendant Hensen herein contains specific denials of practically all of the allegations of the plaintiff's complaint, and in addition thereto contains certain specific defenses, among which is the defense that Hensen had within due time filed and recorded the notice of nonresponsibility provided for in section 1192 of the Code of Civil Procedure. The trial court at the close of the plaintiff's case granted a motion for nonsuit and having done so made and entered its judgment in favor of defendant Hensen thereon. It is from such judgment that this appeal has been taken.

It is the contention of the appellant that the evidence sufficiently showed that the persons who were alleged in the complaint to be the assignors of the plaintiff performed the work and labor referred to in said complaint and upon which their respective claims of laborers' liens under the provisions of section 1183 of the Code of Civil Procedure are based, and that the evidence also sufficiently showed that these persons are the persons who executed the assignment of their aforesaid labor claims to the plaintiff, and that the evidence also sufficiently showed that Hensen had actual knowledge of the construction of said oil-well upon his said property, and that no notice of nonresponsibility was given, posted or recorded as required by law. In response to these several contentions the respondent urges as his first contention that the assignment of the labor claims upon which the plaintiff relies for his right to sue in this action was never intro-

duced in evidence, and that, hence, upon the very threshhold thereof his action failed. It is true that the record in the case discloses that when the assignment was first offered in evidence several objections were urged to its admittance, the first and chief of which was that no proper foundation had been laid for its introduction by proof that the labor claimants named therein were the persons who had executed such assignment. The court in the first instance held this objection to be good and directed that the offered assignment be marked by the clerk for identification. Thereafter the plaintiff sufficiently proved by proof or offer of proof that said assignment had been executed by the individual assignors named therein; but it seems that having made such showing the subsequent offer of the assignment itself in evidence was not made by plaintiff, but was apparently overlooked by all concerned. The record, however, sufficiently discloses that throughout the later progress of the trial the assignment was considered as being in evidence in the case to the extent that the defendant in his motion for nonsuit did not refer to its nonintroduction as one of the grounds of his motion, and that the court in granting the motion did so entirely upon other grounds. This being so, we are inclined to the view that the respondent's contention in the foregoing regard, and which is for the first time made upon appeal, is without merit.

The respondent makes the further contention that the aforesaid assignment was invalid for the reason that it was not signed or otherwise consented to in writing by the wives of the assignors; but this contention is without merit for the reason, among others, that there is nothing in the record tending to show that there were any wives of the assignors, or any of them.

The respondent makes several other contentions with regard to the state of the evidence which may be briefly disposed of. As to the proof of lease between the Hensens and the Motion Picture Oil Syndicate the defendants Hensen in their answer alleged the existence of such a lease and referred to the record thereof, and by so doing obviated the necessity of proof thereof or of its contents on the plaintiff's part. As to the proof that the oil-well in connection with which the plaintiff's assignors

and each of them performed labor under employment by the Hogan Drilling Company through its authorized agent, there is ample evidence going to show that the Hogan Drilling Company was engaged in the drilling of said well upon the defendants' premises under some sort of an arrangement with the Motion Picture Oil Syndicate, the defendants' lessee, giving it the right so to do, and the plaintiff's assignors were its employees in that undertaking, and that they and each of them performed labor for the period of time and at the rate of wages covered by their respective labor claims and liens, and that the wages which they were to receive for so doing were in accordance with the union scale of wages. This evidence, whether presented by the plaintiff, either in actual testimony or of offers of proof at the trial, was sufficient to satisfy the requirements of law upon a motion for nonsuit.

The respondent makes several other assignments of insufficiency in the plaintiff's case, which, without specification, but upon an examination of the record, we hold to be unmeritorious. ■ This leaves us the only remaining question in the case the question as to whether the plaintiff had sufficiently shown an absence on the part of the defendant Hensen of compliance with the precise requirements of section 1192 of the Code of Civil Procedure. This section, among other things, requires the posting of a notice of nonresponsibility upon the premises by the owner or owners thereof. The plaintiff produced at the trial a considerable number of the persons whose names are represented in these assigned labor claims and who each positively testified that no such notice as the statute requires was ever posted upon the property during the time they were performing work thereon; and while it is true that the defendant Hensen, when examined as a hostile witness and as a party under the provisions of section 2055 of the Code of Civil Procedure, testified that he had posted such a notice upon the premises, he admitted that he did not record such notice until the work covered by these labor claims had been practically completed, and when for the first time he learned that these laborers were not being paid. The foregoing evidence was, we think, amply sufficient to show noncompliance on the part of the defendant Hensen with the aforesaid provisions

of the code, and was, therefore, with the other evidence introduced or offered by the plaintiff, sufficient to make out a *prima facie* case and to require a denial of the said defendant's motion for a nonsuit. It follows, that the trial court was in error in granting said motion and in the entry of its judgment thereon.

The judgment is reversed with the instruction to the trial court to enter an order denying the motion for nonsuit, and, having done so, to proceed with the trial of the cause.

Shenk, J., and Tyler, J., *pro tem.,* concurred.