[Civ. No. 11874. Second Appellate District, Division Two.—August 20, 1938.]

In the Matter of the Estate of MARION A. LEWIS, Deceased. MARY ANNA LEWIS, Appellant, v. FLOSSIE F. GUNTHER et al., Respondents.

Charles De Le Fond for Appellant.

Paul E. Iverson for Respondents.

McCOMB, J.—This appeal by the widow of Marion A. Lewis, deceased, has been transferred by the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4, of the Constitution of the state of California. It is from the portion of a decree of distribution declaring a trust in certain real property hereinafter described after trial before the court without a jury.

The essential facts are:

In July, 1936, Marion A. Lewis married Mary Anna White, now Mary Anna Lewis, appellant. On November 17, 1936, Mr. Lewis died leaving a last will and testament which he had duly executed April 31, 1936, reading in part thus:

"I give, devise, and bequeath unto my beloved stepdaughter, Flossie Gunther, one half of my real estate property, which description is as follows: North 4 foot of Lot Section 158, Lot Section 159, Tract 2635 as per Book 64, Page 28 of Maps, Records of Los Angeles County, California; also known as 444 North Norton Avenue, Los Angeles, California.

"I give, devise, and bequeath unto my beloved grandchildren, Donovan Lewis, Paul Lewis, Jr., Marion Lewis, and Pauline Thelma Lewis, the children of my son, Paul H. Lewis, one half of my real estate property, which description is as follows: North 4 foot of Lot Section 158, Lot Section 159, Tract 2635 as per Book 64, Page 28 of Maps, Records of Los Angeles County, California; also known as 444 North Norton Avenue, Los Angeles, California.

.   .   .   .   .   .   .   .   .   .   .   .

"I give, devise, and bequeath to my prospective wife, Mary Anna White, if she is my widow at the time of my decease, all the money in bank of joint account and all the income of my real estate described above until either she marries or until her decease. After, either her marriage, or decease then the said property as described above should be divided equally between my beloved step-daughter, Flossie Gunther and my beloved grandchildren as written above."

The real property described in the will is also known as the "Lewis Apartments".

December 16, 1937, the probate department of the Superior Court of Los Angeles County entered a decree of distribution reading in part thus:

"IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED;

"I.

"That the Lewis Apartments, described as follows:

"North 4 feet of Lot 158, and all of Lot 159, Tract 2635, as per map recorded in Book 64 at page 28 of Maps, Records of Los Angeles County;

and the furniture, furnishings, and equipment therein, be and are hereby distributed to the Bank of America National Trust and Savings Association, a national banking association, as Trustee, to hold during the life of Mary Anna Lewis, or until she remarries, for the following purposes:

"(A) To control and manage the premises, and out of the gross income therefrom pay:

"(1) All expenses of the apartment, including upkeep, repairs, taxes, insurance, and replacements of furniture and furnishings when it deems such to be necessary;

"(2) Costs and expenses of said trust, and

"(B) Pay monthly the net income from said apartments to Mary Anna Lewis until her death or marriage;

"(C) That said apartments, their furniture, furnishings, and equipment, and the income therefrom, subject only to the trust above set forth, be and are hereby distributed as follows:

"(1) One-half to Flossie F. Gunther; and

"(2) One-half to Donovan Lewis, Paul Lewis, Jr., Marion Lewis, and Pauline Thelma Lewis, share and share alike. That the interests of Flossie F. Gunther, Donovan Lewis, Paul Lewis, Jr., Marion Lewis and Pauline Thelma Lewis are absolute vested interests in all of the said property, subject only to the trust above set forth. That upon the death or marriage of Mary Anna Lewis said trust shall terminate."

The sole question for determination is:

*Did the portions of decedent's will above set forth impress the real property described therein known as the Lewis Apartments with a trust, the income thereof to be paid to appellant during her lifetime or widowhood?*

This question must be answered in the affirmative. ■ Where the testator by his will gives the income of real property to a designated beneficiary for a stated period and by the same instrument disposes of the *corpus* of said real property to others, the real property is impressed with a trust and the beneficiary does not take a life estate in the real property. (3 Thompson's Commentaries on the Law of Real Property (1924) 704, sec. 2569; *Collier* v. *Grimesey*, 36 Ohio St. (1880) 17, 21.)

■ Applying the foregoing rule to the facts in the instant case, since no technical language is necessary in order to create a trust (*Colton* v. *Colton*, 127 U. S. 300, 310 [8 Sup. Ct. 1164, 32 L. Ed. 138]), nor is it essential that the will appoint a trustee (*Estate of McCray*, 204 Cal. 399, 403 [268 Pac. 647]) of the *corpus* of the trust, it is evident from a reading of decedent's will that he intended to impress a trust on the real property described as the Lewis Apartments, "the income" of said property to be paid to his widow, appellant, during her lifetime or until she remarried and that, subject to said trust, the property should be distributed as designated in his will.

It thus appears that the decree of distribution correctly followed the intention of the testator as declared in his will.

For the foregoing reasons the decree is affirmed.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 13, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1938.