## WERNER v. UNITED STATES.
### No. 13167.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1952.

Clarence E. Nelson, Hollywood, Cal., Erwin P. Werner, Los Angeles, Cal., for appellant.

Wm. Amory Underhill, Asst. Atty. Gen., Walter S. Binns, U. S. Atty., Los Angeles, Cal., Irl D. Brett, Special Asst. to the Atty. Gen., Roger P. Marquis, Harold S. Harrison, Dept. of Justice, Washington, D. C., for appellee.

Before DENMAN, Chief Judge, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

In the consideration of this appeal it will be necessary to analyze a former case which we shall call the earlier case, and relate it to the case here now on appeal, which we shall call the instant case. Both cases were between the same parties and both arose out of one certain written lease for the use of land by the United States for military purposes.

The lease as originally drawn was for the term beginning February 1, 1943, and ending June 30, 1943. At the option of the United States it was subject to renewal from year to year. Subsequently the lease was modified by cancelling the annual re-

newal provision and substituting instead the following:

"3. To Have and to Hold the said premises with their appurtenances for the term beginning July 1, 1943 through June 30, 1944, provided that, unless and until the Government shall give notice of termination in accordance with provision 12 hereof, this lease shall remain in force thereafter from year to year without further notice; provided further that adequate appropriations are available from year to year for the payment of rentals; and provided further that this lease shall *in no event extend beyond six months from the date of the termination of the unlimited emergency, as declared by the President of the United States on May 27, 1941* (Proclamation 2487). *(Proclamation.)*" [Our emphasis.]

In the earlier action Werner, who had succeeded to the ownership of the land, sought to have the above quoted provision of the lease reformed to speak the alleged understanding of the parties. He prayed that the lease upon reformation should provide for its termination "six months from the date of the cessation of the actual hostilities with the Axis nations then at war or the surrender of said Axis nations." Werner also prayed "For the reasonable value of the use and occupation of said real property occupied by defendant since the 14th day of August, 1945", upon which date he alleged the lease terminated "by reason of the said cessation of hostilities * * *."

The United States moved to dismiss the action upon the ground that the United States had not consented to be sued and upon several other grounds, among them that the suit was barred by the statute of limitations. The district court found that the action was barred by the statute of limitations and dismissed the action "for want of jurisdiction over the United States". See the Tucker Act, 24 Stat. 505 (1887) as amended, 28 U.S.C.A. § 41(20) (1946), 28 U.S.C.A. § 2401(a); Werner v. United States, D.C., S.D.Cal.,1950, 10 F.R. D. 245. Upon appeal to this court the judgment was affirmed and it is final. Werner v. United States, 9 Cir., 1951, 188 F.2d 266.

With the situation as we have recited it, Werner brought the instant action alleging a number of facts which he claims brought the emergency to an end so far as it related to the lease in suit. Again, the United States chose not to plead to the merits but pleaded the judgment in the earlier action as res judicata (perhaps more properly estoppel by judgment). The district court sustained the plea and dismissed the action, stating in its order that this court of appeals, in the earlier action, "expressly found, determined and decreed that said unlimited national emergency had not terminated." We hold that this court did no more than affirm the judgment appealed to it. In our opinion we did state that there had been no termination of the emergency but this statement was a mere recital of the undisputed fact that no official termination of the emergency had been pronounced. It did not enlarge the district court's judgment so as to dispose of the claim set forth in the instant action. Appellant is entitled to his day in court as to whether in his present case he has stated a cause of action and, if he has, whether he has sustained the requisite proof.

Reversed and remanded.