**GLADYS BELLE OIL CO. v. TURNER et al.**
(No. 7289.) *

Court of Civil Appeals of Texas. Austin.
Jan. 3, 1929.

Rehearing Denied Jan. 9, 1929.

Critz & Woodward, of Coleman, for appellant.

Dibrell & Starnes, of Coleman, for appellees.

McCLENDON, C. J. Suit by Turner and others, as trustees, against Gladys Belle Oil Company for breach of contract, under which the oil company held by assignment certain oil and gas leases. The oil company has appealed from a judgment against it upon a special issue verdict.

The controversy grew out of the following facts: June 14, 1915, Russell executed an oil and gas lease to Turner, covering 169½ acres in Coleman county. This lease reserved a royalty of one-eighth of the oil, and contained the following pertinent provisions:

"If gas or other minerals are found said party of the second part agrees to pay to the said party of the first part $150.00 for the product each year payable quarterly for the product of each well while the same is being used off the premises. * * *

"In case the party of the second part should bore and discover oil gas or other minerals on the lands herein described then and in that event this grant or conveyance shall be in full force and effect so long as gas or other minerals are produced in paying quantities thereon.

"It being hereby agreed that failure to be either producing or developing on these lands for a period of six months at any one period without the consent of the party of the first part shall act 'as a forfeiture of all the land except ten acres immediately around the well drilled."

September 16, 1918, Turner and others assigned to Vandersall, trustee, this and other leases, reserving an additional royalty, and providing for other considerations. The assignees agreed to diligently complete certain wells then being drilled on some of the leases, and "with due diligence develop all of said leases as oil and gas producing property, and will preserve the life of each and all said leases in accordance with the terms thereof." The assignment further stipulated: "It is expressly understood and agreed, however, that if the Second Party should desire after completing well on the Garrett tract and drilling one well on the Russell and one on the Campbell and one on the Fuller at any time in the future to surrender any of said leases or not to prosecute development thereon that he will reassign said lease or leases which he does not desire to further develop to the First Parties or to such of them as he shall have received the same from by this assignment, their heirs, executors, administrators, successors or assigns, not less than ninety days before such lease or leases will expire, ac-

cording to their terms and conditions, to the end that the First Parties or such of them as may desire may have the opportunity to protect and save the life of such lease or leases."

By mesne conveyances the leases passed from Vandersall to appellant, and the rights of the assignors passed to appellees Turner et al.

In 1919 appellant drilled a well on the Russell lease to a depth of about 1,500 feet, which proved to be a producing gas well. There was no other development on the Russell lease. There was development on the other leases until 1921. Appellant paid the rental on the gas well on the Russell lease regularly up to April 10, 1926, when the last payment was made. In December, 1926, or January, 1927, the well was definitely abandoned by appellant.

September 26, 1924, appellees brought suit in Coleman county against appellant, seeking damages for failure on appellant's part to properly develop the several leases. Among other charges made in the pleadings it was alleged that appellant's action in not developing the property was fraudulent. This suit was removed to the federal court at Fort Worth, and, after various pleadings were filed up to December 17, 1926, the case went to trial on that date, and resulted in a judgment which exonerated appellant from any breach of the development contract, and found specifically that all the leases had been reasonably developed within the contemplation of the parties, under the found circumstances.

The suit at bar was brought February 24, 1927, by appellees, who are the same parties as the plaintiffs in the federal court suit, against the same defendant, appellant here, to recover the value of the Russell lease, alleged to have been lost to appellees by abandonment on the part of appellant and failure of appellant to reassign it to appellees under the above-quoted provision of the assignment to Vandersall.

Only two issues were submitted to the jury under which the following findings were made:

1. That the Russell lease terminated the latter part of 1926.

2. That the reasonable cash market value of the Russell lease at that time was $15 an acre.

Appellants urge 11 propositions, which may be briefly summarized as follows:

1 and 2. That the evidence will not support the judgment, because it conclusively appeared that development ceased and the lease expired at the latest early in 1925.

3. That payments of rentals were ineffectual to keep the lease alive, because such payments were not made from proceeds of the product of the lease.

4, 5, and 6. That certain special issues were erroneously refused.

7. That there was no contractual relation between plaintiffs and defendant.

8. That the federal court judgment adjudicated all rights in the suit.

9, 10, and 11. That certain argument of appellees' counsel was improper and prejudicial.

The argument complained of was improper and highly prejudicial in character, and would call for a reversal of the case but for the fact that we have concluded that the trial court rendered the only judgment the evidence will support, and therefore any error in permitting improper argument, as well as in the refusal of special issues, was innocuous.

We will state briefly the grounds upon which we sustain the trial court's judgment.

■ It may be conceded that the federal court judgment was res adjudicata of the rights of the parties as they existed on December 17, 1925, the date the last pleading was filed and the trial began. That judgment, however, was not res adjudicata of any cause of action which arose subsequently to December, 1925. Appellees' present suit is predicated upon a breach of contract to reconvey the Russell lease, which accrued in the latter part of 1926. This cause of action is not affected by the federal court judgment.

■ There is no merit in the contention that payment of rentals, in order to keep the lease alive, must be made out of proceeds of the product of the lease. The lease provided for the payment of $150 per annum, payable quarterly "for the product of each well while the same is being used off the premises," but nowhere is it even intimated that the rentals must be paid *from* the product of the lease.

While there was some evidence to the effect that the gas well became a meager producer in 1923, 1924, or 1925, it conclusively appeared that the product from the well, whatever it amounted to, was used in developing other leases of appellant up to the time of the last rental payment on April 10, 1926; and that up to that time appellant had continuously paid the rentals, and Russell had continuously accepted them as payment on the lease. Russell, a witness for the appellees, so testified, and nowhere in his testimony did he intimate that he considered that there had been any forfeiture of the lease up to the time of the last rental payment. The issue in the federal court case was whether appellant had complied with the assignment contract to fully develop the property, and this issue was determined favorably to appellant. If that case was decisive of any issue here involved, it was decisive of the issue that appellant had done everything required under the assignment up to the time of the trial of that case.

■■ There is no merit in the proposition that there was no privity of contract between appellant and appellees. The assignment contract expressly bound the grantee to re-

assign to the grantors, their "* * * or as-. signs," and was "to" the grantee, "his * * *. and assigns." We also think the rights and obligations created by the contract were assignable independently of the above-quoted language. See Graham v. Henry, 17 Tex. 164; Johnson v. Newman, 43 Tex. 628; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Perry v. Smith (Tex. Com. App.) 231 S. W. 340.

The uncontradicted evidence was that the lease had a market value of $25 an acre during 1926 and 1927. The amount sued for, the jury finding and judgment fixed the amount of recovery at $15 an acre.

There was therefore no issuable fact to be determined. All propositions and assignments of error are overruled, and the trial court's judgment is affirmed.