C. T. McLAUGHLIN, Petitioner,

v.

Ralph W. BALL, Respondent.

No. B-614.

Supreme Court of Texas.

July 24, 1968.

Rehearing Denied Oct. 2, 1968.

Nunn, Griggs & Beall, Charles R. Griggs, Sweetwater, for petitioner.

Kenneth Bowlin, Lubbock, for respondent.

GRIFFIN, Justice.

This suit was brought by respondent Ralph W. Ball, as plaintiff, in a district court against C. T. McLaughlin, as defendant, for damages resulting from the failure of the defendant McLaughlin to reconvey certain oil and gas leases on land in the State of Colorado. Trial was to a jury, and upon the answer of the jury as to the value of said leases, judgment was rendered by the trial judge against McLaughlin and in favor of Ball for the sum of $6400.00. McLaughlin appealed and the trial court's judgment was affirmed by the Court of Civil Appeals. 419 S.W.2d 693.

On November 27, 1962, Ball was the lessee and owner of the ⅞ths working interest under oil and gas leases on five separate tracts of land in the State of Colorado. On this date Ball assigned these five oil and gas leases to McLaughlin. Each of these assignments contained the following clause:

"Assignee shall always have the right to release and surrender the lease hereby assigned, provided that before releasing or surrendering, and at least 60 days prior to the next rental due date, he shall first notify assignor in writing of his intention so to do, and upon demand

by assignor, if made within 30 days from the receipt of such notice, assignee shall reassign to assignor the rights and interests which he has indicated in his notice that he desires to release or surrender."

In each of these assignments there was also the following paragraph:

"The assignor herein expressly excepts, reserves and retains title to an undivided one per cent of one hundred per cent of all oil, gas and casinghead gas produced, saved and marketed from the above described land under the provisions of the aforesaid lease [from landowners to Ball] or any extension or renewal thereof, as an overriding royalty, free and clear of any cost and expense of the development and operation thereof, excepting taxes applicable to said interest and the production therefrom."

Under the terms of these assignments and the reservation by Ball, McLaughlin received the ⅞ths working interest, less the reserved 1% of 100% production. Being owned by Ball and never conveyed to McLaughlin, the contract for McLaughlin to reconvey to Ball never applied to this reserved overriding royalty. Not having any title to the overriding royalty, McLaughlin could not reconvey it to Ball, who at all times pertinent to this cause had the title to this overriding royalty. Therefore, McLaughlin's contract to reconvey was applicable only to the ⅞ths working interest, less the 1% overriding royalty. This was all the title which he received from Ball.

These leases were "unless" leases, and to keep them alive, in the absence of development, required the payment of an annual delay rental of $1.00 per acre. The anniversary dates on which payments were required were from November 29, 1961, on the first lease to December 19, 1961, on the last one.

The Court of Civil Appeals has succinctly stated the other material facts of this cause as follows:

"After receiving the assignments appellant [McLaughlin] held the leases without development for a period of more than one year but with the approach of the time for delay rental payments for the period of 1964–1965 he elected not to renew or extend the leases by paying further delay rentals and the leases were allowed to lapse. Through a clerical error appellant failed to notify appellee [Ball] of his intention not to pay such delay rentals. It is undisputed that appellant failed to comply with the contractual provision of the assignments. The only issue in the case is the amount of damages which appellee is entitled to recover. The parties are agreed that the measure of damages in such case is the value of the leasehold estate lost * * *"

McLaughliin was required to notify Ball of his decision not to pay the delay rentals on the ⅞ths working interest. By his failure to give the notice to Ball required by the contract, McLaughlin prevented Ball from keeping the leases alive by giving Ball an opportunity to pay the delay rentals. Under this record we must assume that Ball would have asked for a re-assignment of the McLaughlin leases and would have paid the delay rentals due for the year 1964–65 had McLaughlin complied with his contract to reconvey to Ball the interest he received from Ball.

The damages suffered by Ball because McLaughlin did not notify Ball that he, McLaughlin, would not pay the coming delay rentals would be the value of the interest Ball lost. This interest was the ⅞ths working interest. Had McLaughlin reconveyed his ownership in the leases to Ball, the 1% overriding royalty would have merged with the title received from McLaughlin and would have no longer existed. Ball would then own the entire ⅞ths working interest. 22 Tex.Jur.2d, 654, Sec. 15

and authorities therein cited. This ⅞ths working interest was what Ball lost by virtue of McLaughlin's failure to reconvey. It is the value of this ⅞ths working interest that Ball is entitled to recover from McLaughlin. Gladys Belle Oil Co. v. Turner et al. (Tex.Civ.App., 1929), 12 S.W. 2d 847, writ refused; Williams and Meyers, Oil and Gas Law, Vol. 2, p. 464, Sec. 428.2.

 In the trial of the case the trial court, over the objection of the defendant McLaughlin, permitted the witness Ball to testify as to the value of the 1% override which he had reserved in his assignment of his mineral interests under the original leases from the landowners' lessors. McLaughlin assigns this action as error and prejudicial to his defense. McLaughlin contends here that such testimony was not admissible because had there been a reconveyance to Ball, the 1% override would have ceased to exist and would have made Ball's ownership of the ⅞ths working interest full and complete. This being true, the only admissible evidence was that of the value of the ⅞ths working interest during the period of time covered by the notice provision and up to the date the delay rentals were due on each lease. We sustain this point of error. The evidence that the 1% override had a value of $15.00 per acre, that it was the school money to educate the Ball children, and similar statements as to the override were inadmissible and served only to inflame the minds of the jury and magnify McLaughlin's error in not giving the required notice and his subsequent failure (upon Ball's demand) to reconvey the interest he owed to Ball.

■ The original leases to Ball gave the lessee and his assigns the right to release any part or all of the acreage, and the lessee was not required to pay any delay rentals unless he chose to do so. The assignments from Ball gave McLaughlin the same right but required prior notice. McLaughlin cannot be held liable for any damages resulting from his failure to keep the lease alive by rental payments. McLaughlin is only liable to Ball for his failure to give the prescribed notice to Ball. For his failure to give such notice he can only be held liable for the value of this ⅞ths working interest. The value of the override was neither material nor relevant to this question of the value of the ⅞ths working interest. The court was in error in admitting, over McLaughlin's objections, the testimony as to the value of the 1% overriding royalty.

It is therefore ordered that the judgment of both courts below are reversed, and this cause remanded for a trial by the trial court consistent with this opinion.