Joseph B. GOULD, Appellant,

v.

David A. SCHLACHTER, Appellee.

No. 4294.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Elliott & Nall, Ralph Elliott, Sherman, for appellant.

Henderson, Bryant & Wolfe, William R. Bryant, Sherman, for appellee.

COLLINGS, Justice.

This is an appeal by Joseph B. Gould from a judgment in favor of the plaintiff David A. Schlachter decreeing that specified partial assignments from W. H. Young to defendants in the case, including Gould, of an oil, gas and mineral lease covering 153 acres of land in Grayson County were null and void and of no further force and effect, and that any cloud cast on plaintiff's title thereto by reason of such partial assignments be removed. The trial was before the court without a jury. Only the defendant Gould has appealed.

The facts of the case are undisputed. The oil and gas lease in question was acquired by appellee Schlachter from Kathrine Robertson and was owned by appellee on October 18, 1967. On that date appellee assigned the lease to William H. Young, reserving an overriding royalty interest of 7½% of production therefrom, and a $12,500 oil payment out of 20% of production. The assignment to Young provided that if there were no production from the land, or no operations being conducted thereon on April 20, 1968, the lease would be reassigned to appellee upon demand. Such provision was set out in the assignment as follows:

"It is agreed that if, on April 20, 1968, there is not production of oil, gas or other hydrocarbons from the land above described or if, on said date, assignee is not then engaged in drilling or reworking operations in an effort to obtain production, the assignee will promptly upon demand of the assignor, his heirs or assigns, retransfer the leasehold above described to the assignor, his heirs or assigns. It is further agreed that if at any time after April 20, 1968, production from the above described lands shall cease and no drilling or reworking operations shall be conducted by the assignee for any consecutive period of 60 days after such cessation, then upon demand of the assignor, his heirs or assigns, assignee will reassign the leasehold herein described to the assignor, his heirs and assigns."

After the assignment of the lease to Young he made several partial assignments as heretofore indicated, including a 12.5 interest to appellant Gould. There was no production on the lease on April 20, 1968, and neither Young nor anyone else was then engaged in drilling or reworking operations thereon. On April 26, 1968 Young reassigned to appellee the leasehold in question to the extent of his ownership therein. Appellee made demand upon each of the defendants to reassign to him their interests in the lease, but none of them did so until after suit was filed.

In appellant's first point it is contended that the court erred in rendering judgment in favor of appellee Schlachter, and in holding that the assignment from Young to appellant was null and void. Appellant asserts that when Schlachter assigned the lease to Young and retained the overriding royalty and oil payments out of the assignment, that the transaction was a sub-lease and appellee thereby became a sublessor and Young became a sublessee; that the quoted provision of the assignment did not require a reassignment to appellee until requested by Young; that the obligation of Young to reassign upon request by appellee was a personal obligation between those two parties, and when Young made partial assignments to others including Gould there was no privity of contract between appellant Gould and appellee requiring Gould to reassign his interest in the lease to appellee. We cannot agree with his contention.

 The question is whether the obligation to reassign the lease provided for in the assignment from appellee to Young was binding on Gould, Young's assignee. In our opinion the obligation to reassign the lease was binding on Gould because it was an obligation running with the land. There was privity of estate between Young and Gould. Gould's interest in the lease was acquired from Young and was subject to the provisions of the assignment from Schlachter to Young. Gould therefore had the same obligation to reassign as Young.

The cases cited by appellant in this connection are distinguishable and are not in point.

 The express terms of the assignment of the lease from Schlachter to Young required Young to retransfer the leasehold to Schlachter if on April 20, 1968 there was no production, drilling or reworking operations thereon. Gould acquired his interest in the lease from Young. By accepting the partial assignment of the lease from Young, appellant Gould also accepted the covenants set out in the lease and prior assignments. Particularly, appellant came under the duty to comply with the retransfer provision of the assignment to Young. 43 Tex.Jur.2d 166; Gladys Belle Oil Co. v. Turner, 12 S.W.2d 847 (Tex.Civ.App. 1929, Writ Ref.); McLaughlin v. Ball, 431 S.W.2d 305, (Tex.Sup.Ct., 1968).

The judgment is affirmed.