CITIES SERVICE OIL COMPANY,
a corporation, Plaintiff,

v.

SOHIO PETROLEUM COMPANY, a corporation, Defendant and Third Party Plaintiff,

v.

David G. STEELMAN et al., Third Party Defendants.

Civ. No. 70–78.

United States District Court,
W. D. Oklahoma,
Civil Division.

March 28, 1972.

Alfred O. Holl, John C. Lovett, R. J. Leithead, Bartlesville, Okl., Richard W. Fowler, Fred W. Dunlevy, Dee A. Replogle, Jr., Oklahoma City, Okl., for plaintiff.

C. Harold Thweatt, L. Leon Storms, Oklahoma City, Okl., for Sohio.

Paul G. Darrough, Paul G. Darrough, Jr., Oklahoma City, Okl., for Steelman.

Ray B. Jones, Oklahoma City, Okl., for Creed & Walden.

John J. Snider, D. A. Kroll, Mary S. Allen, Oklahoma City, Okl., for Steelman and others.

MEMORANDUM OPINION

DAUGHERTY, District Judge.

The Plaintiff sues the Defendant to establish Plaintiff's right to an overriding royalty interest in certain land situated in Garvin County on which Defendant is producing oil and gas under an oil and gas lease. In 1954, Plaintiff acquired a seven year oil and gas lease on said land. In 1959, Plaintiff entered into a Farm-Out Contract covering the same with J. Philip Boyle, Jr. (Boyle) pursuant to which agreement and as a part thereof Plaintiff assigned and con-

veyed its oil and gas lease on the land here involved to Boyle. This assignment was appropriately recorded in Garvin County.

Said assignment reserved unto Plaintiff the overriding royalty interest involved herein and then contained the following provisions:

"Any renewal, extension or new lease or leases covering the lands assigned herein acquired by Assignee or a third person wholly or partly for Assignee's benefit on said land shall be deemed to continue and preserve Assignor's rights reserved."

"The reservations, conditions and covenants of this conveyance shall run with the real estate herein described and shall be binding upon and enjoyed by the said Assignor and the said Assignee and their respective heirs, administrators, executors, devisees, successors and assigns."

Boyle made a further assignment of said lease to Third Party Defendant George P. Post (Post). Post drilled on the land. It was not a commercial producer. The said seven-year lease expired at the end of the seven-year term, if not before, and was not held by production. Approximately two years after the termination of the seven-year lease Post acquired new oil and gas leases on the land and subsequently assigned the same to Third Party Defendant Steelman. It is undisputed that Post did not obtain the new leases for Boyle or for his benefit. In 1965, Plaintiff released the seven-year oil and gas lease as required by 41 Oklahoma Statutes § 40. Eventually Defendant acquired the new Post leases and obtained production on the land. As stated above, it is this production which Plaintiff asserts is subject to its overriding royalty interest reserved in its assignment of its seven-year oil and gas lease to Boyle.

Plaintiff asserts that as Defendant's production is under the new leases acquired by Post and as Post was an assignee of Boyle under Plaintiff's seven-year lease, its overriding royalty interest reserved in its assignment of said lease to Boyle applies to Defendant's production. Plaintiff claims constructive notice of this interest by recordation of its assignment to Boyle.

In defense, Defendant and Third Party Defendants assert, inter alia, that the provision in Plaintiff's assignment to Boyle first above quoted does not afford legal support for Plaintiff's position as Boyle did not acquire the new leases nor did Post acquire the same wholly or partly for Boyle's benefit; that said provision violates the rule against perpetuities when applied to new leases and further that Plaintiff relinquished any rights under said provision in its assignment to Boyle when it later released its seven-year oil and gas lease.

An evidentiary hearing has been conducted, arguments have been heard and the controversy has been fully briefed. The Court concludes that the Plaintiff does not have an overriding royalty interest in Defendant's production.

Plaintiff contends that even though the first above-quoted provision in said assignment to Boyle is in the singular (as the term Assignee is used) it nonetheless applies to Boyle's assignees and should be so interpreted. In this connection, Plaintiff relies on the second above-quoted provision in said assignment to Boyle that all reservations, conditions and covenants shall run with the real estate therein described and shall be binding upon the assignee and his assigns. This contention is probably correct, particularly as to renewals or extensions of Plaintiff's seven-year oil and gas lease. Weiner v. Wilshire Oil Company of Texas, 192 Kan. 490, 389 P.2d 803 (1964); Gould v. Schlachter, 443 S.W.2d 764 (Tex.Civ.App.1969); Summers Oil & Gas, Vol. 3, Sec. 554, at page 632.

█ However, the application of these provisions in such manner as to a new lease or leases would violate the Oklahoma rule against perpetuities. The Court must interpret agreements or provisions therein in such manner as will

**30**

make them lawful rather to result in a nullity. 15 Oklahoma Statutes § 159.[1]

The Oklahoma Supreme Court has found the common law rule against perpetuities to be extant in Oklahoma. See Melcher v. Camp, 435 P.2d 107 (Okl. 1967). The Court in *Melcher* defines the common law rule against perpetuities as follows:

"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."

And *adds,*

"The rule against perpetuities is not a rule of construction, but a positive mandate of law, to be obeyed irrespective of the question of intention."

and

"Apart from a resort to lives in being as the standard for measuring the period of time for the postponement of the vesting of a future estate, the only definite period permitted by the rule against perpetuities is a term not exceeding 21 years."

In *Melcher* the Court stated that the rule against perpetuities is a rule of property, that an oil and gas lease is an interest in property embraced by the rule and that a contractual provision for the creation of such a lease in futuro falls within the scope of the rule.[2] The Court in *Melcher* cited with approval a pronouncement in the California case of In re McCray's Estate, 204 Cal. 399, 268 P. 647 (1928) quoted as follows:

"Any limitation or provision, the purpose or possible effect of which is to cause an estate to commence in the future, is invalid if, as a result thereof, an estate may commence more than

twenty-one years after a life or lives in being."

■ Under the assignment of Plaintiff to Boyle the latter acquired the oil and gas leasehold rights for the balance of the seven-year term and as long thereafter as oil and gas, or either of them, was produced. At the time of said assignment to Boyle there was no concurrent vesting of title in a new lease for the obvious reason that there was no new lease then in existence on which there could be a vesting of title. The new lease provision thus called for the postponement of the vesting of a future estate to be created by a new lease to be acquired in futuro.

■ The provision first above quoted violates the Oklahoma rule against perpetuities as to a new lease or leases and is void for such future interest or interests could vest later than twenty-one years after some life in being at the creation of the reservation. For example, Boyle could have held the oil and gas lease for an interminable number of years by production and his assignee might not have been alive at the time of the creation of the Plaintiff's reservation (in Plaintiff's assignment to Boyle) and more than twenty-one years after Boyle's death his assignee may have obtained a new lease into which Plaintiff's reserved interest would vest. This would be beyond and after the period of time of some life in being and twenty-one years after Plaintiff's reservation created in its assignment to Boyle. The Oklahoma rule against perpetuities requires that the future interest *must* vest within the period or it violates the rule. If it *could* vest thereafter, the rule is violated and the provision is void. Thus,

---

1. This Statute provides:
   "§ 159. Interpretation favors validity
   A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties."

2. In *Melcher* a contract provision giving a lessee with oil and gas leasehold rights

to the depth of fifty-five hundred feet for one year and for so long thereafter as oil and gas, or either of them, are produced from the land, a five-day option to acquire deeper oil and gas leasehold rights at any time the lessor has an opportunity to sell the same, was held to violate the rule against perpetuities and was declared void.

the new lease provision which contains no time limitation whatsoever is void for violating the Oklahoma rule against perpetuities and Plaintiff has no overriding royalty interest in the Defendant's production.

In view of the foregoing, it is unnecessary to treat with the other grounds urged as defeating Plaintiff's overriding royalty interest claimed herein and, as well, the controversy presented by the Third Party Complaint.

Judgment should` be entered herein in favor of the Defendant and against the Plaintiff denying Plaintiff's claim to the overriding royalty interest sought herein and the Third Party Complaint should be dismissed as not presenting justiciable claims.